UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL R. RONEY, SR.,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

CASE NO. 8:21-cv-01725

JURY TRIAL DEMANDED

# COMPLAINT

NOW comes DANIEL R. RONEY, SR. ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of ENHANCED RECOVERY COMPANY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Polk County, Florida, which is within the Middle District of Florida.

5. Defendant is a third party debt collector than routinely collects or attempts to collect consumer obligations from consumers across the country, including the state of Florida. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Sprint.

8. Plaintiff used his Sprint services for personal and household purposes.

9. Upon information and belief, after Plaintiff's purported default, the subject debt was charged off by Sprint and eventually placed with Defendant for collection purposes.

10. Subsequently, Defendant decided to contact Plaintiff regarding the debt via written correspondence.

11. Upon information and belief, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Oaks, Pennsylvania ("mail house").

12. Defendant disclosed to the mail house the following information: 1) Plaintiff's status as a puported debtor; 2) that Plaintiff allegedly owes the subject debt in the amount of $170.00; and 3) other highly personal pieces of information regarding Plaintiff.

13. Thereafter, on or around January 13, 2021, the mail house populated some or all of the aforementioned information into a pre-written template, printed, and mailed the letter from Pennsylvania to Plaintiff's residence in Florida.

14. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of a file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

16. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged subject debt.

17. Plaintiff never consented to having his personal and confidential information, concerning the subject debt or otherwise, shared with anyone else.

18. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy and the improper disclosure of his personal and sensitive financial information to third parties.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

20. Plaintiff repeats and alleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed others. Defendant is similarly a business whose principal purpose is the collection of debts.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of the FDCPA § 1692c**

24. The FDCPA, pursuant to 15 U.S.C. §1692c(b), governs debt collectors' ability to communicate with entities other than a consumer when attempting to collect a debt, and states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

4

25. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported obligation regarding the subject debt to the employees of an unauthorized third-party mail house in connection with the collection of the subject debt.

   b. **Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could disclose information about the subject debt to a third-party. The FDCPA specifically prohibits debt collectors from making these type of disclosures, thus Defendant acted deceptively by implicitly representing that it could disclose this information to a third-party.

   c. **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection the subject debt. It was unfair for Defendant to knowingly disclose sensitive information about Plaintiff to third parties not expressly authorized under the FDCPA.

WHEREFORE, Plaintiff, DANIEL R. RONEY, SR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

33. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

34. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(5)**

35. A person violates § 559.72(5) of the FCCPA when it discloses to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

36. Defendant violated section 559.72(5) of the FCCPA when it when it disclosed information about Plaintiff's purported obligation regarding the subject debt to the employees of an unauthorized third-party mail house in connection with the collection of the subject debt. There was nothing legitimately necessary about Defendant's disclosure of Plaintiff's financial information to a third party, particularly considering the unlawful nature of such disclosure.

6

WHEREFORE, Plaintiff, DANIEL R. RONEY, SR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: July 16, 2021

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com